IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE GREEN, Inmate #26857-044, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-850-WDS |
| | ) |
| SARAH REVELL, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In his petition, Petitioner indicates that he was convicted in 1997 of conspiracy to possess with intent to distribute cocaine base in the Eastern District of Missouri and was sentenced to 270 months imprisonment. His sentence was affirmed by the Court of Appeals for the Eighth Circuit in 1998. Petitioner sought and was denied habeas corpus relief in the sentencing court pursuant to 28 U.S.C. § 2255 in 2001. Petitioner now brings this action pursuant to Section 2241 seeking release from federal custody.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully

reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief and the petition must be dismissed.

With this petition, Petitioner is attempting to challenge his conviction and sentence, something that can only be done in a motion to vacate, set aside, or correct his sentence in the federal court which entered judgment. *See* 28 U.S.C. § 2255. Because this Court is not the federal court which entered judgment, this Court has no jurisdiction to address the merits of any of Petitioner's claims.

Petitioner's first ground for relief states that the sentencing court committed "structural error" when it imposed a sentence outside the jury's verdict. A challenge to the district court's imposition of sentence should be brought in a motion pursuant to section 2255 in the sentencing court. In his second ground for relief, Petitioner claims that his sentence was imposed in violation of the Fifth and Sixth Amendments based on the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). In 2002, The Seventh Circuit held that *Apprendi* did not apply to cases that became final prior to *Apprendi's* release in June 2000. *See Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002). The Seventh Circuit has also determined that the holding of *Booker* also does not apply retroactively to criminal cases that became final before *Booker's* release on January 12, 2005. *See McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Even if the Court had jurisdiction to consider this ground, any relief would be unavailable based on these precedents. Finally, in Petioner's third ground he argues that the sentence imposed violates the Eighth Amendment's prohibition against cruel and unusual punishment because the sentence did not conform to the jury's verdict. A challenge to the district court's imposition of sentence should be

brought in a motion pursuant to section 2255 in the sentencing court.

In certain cases, a prisoner may use the general habeas statute, 28 U.S.C. § 2241, to obtain relief, but this method is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Section 2241 may not be used as a substitute for Section 2255 where a Petitioner has already sought but been denied relief under Section 2255, or where Petitioner no longer has an opportunity to seek relief under Section 2255 because of the Section's one-year period of limitation. *See e.g. Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999). Plaintiff states in his petition that he already sought and was denied post-conviction relief in the sentencing court in July 2001.

Based on the foregoing, this action is summarily **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED:  January 12, 2006**

                                       **s/ WILLIAM D.  STIEHL**
                                           **DISTRICT JUDGE**